IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



| | | |
|---|---|---|
| BAYOU FLEET, INC. | * | CIVIL ACTION |
| | * | |
| versus | * | NO. 00-0086 |
| | * | |
| M/Y PENDRAGON, Official No. | * | SECTION "S" |
| 1060672, her engines, furniture, tackle, etc., | * | |
| in rem | * | MAG. NO. 1 |

**EMERGENCY MOTION FOR RELEASE OF VESSEL FROM ARREST
AND TO VACATE ORDER APPOINTING SUBSTITUTE CUSTODIAN
PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE E(4)(f)**

NOW INTO COURT, through undersigned counsel, comes Donald W. Durant, Jr., managing owner of the M/Y Pendragon, who as Claimant to defend his interests as an owner of the M/Y Pendragon and on behalf of the M/Y Pendragon moves this Honorable Court for a prompt and expedited hearing as soon as possible pursuant to the due process requirement of Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims to vacate the arrest of the M/Y Pendragon, and the order appointing Substitute Custodian and who respectfully represents as follows:

1.

On or about January 11, 2000, the M/Y Pendragon was seized pursuant to a warrant of arrest issued by this Honorable Court based on a Complaint to Enforce a Maritime Lien filed by Bayou Fleet, Inc.

2.

The M/Y Pendragon has remained under seizure since January 11, 2000 without any pre or post seizure hearing to determine the validity of such seizure.

**JAN 26 2000**

DATE OF ENTRY _____



3.

Donald W. Durant, Jr. is currently and has been at all pertinent times hereto the managing owner of the M/Y Pendragon.

4.

Donald W. Durant, Jr. has filed as a Claimant in these proceedings as a true and bona fide owner of the M/Y Pendragon seeking to defend his interests and that of the M/Y Pendragon.

5.

Bayou Fleet, Inc. has seized the M/Y Pendragon based on the allegation that commencing on August 22, 1997, it furnished engines, gears, repairs, supplies and other necessaries to the vessel at the request of an owner of the vessel or person authorized by the owner.

6.

Bayou Fleet, Inc. is and has at all times pertinent hereto been a corporation under the total direction and control of Robin B. Durant, who is a director, shareholder, and President.

7.

Robin B. Durant is and has at all times pertinent hereto also been a 50% owner of the M/Y Pendragon.

8

Bayou Fleet, Inc. is not entitled to any maritime lien on the M/Y Pendragon. Bayou Fleet, Inc. did not furnish the necessaries to the vessel. Furthermore, Robin B. Durant has simply directed and controlled Bayou Fleet, Inc. to pay for his own expenses as owner of the M/Y Pendragon, and it is illegal and inequitable to allow Bayou Fleet,

Inc. to prejudice the rights of any other owner of the vessel by allowing lien status to Bayou Fleet, Inc.

9.

Additionally, Bayou Fleet, Inc. submitted a motion and order to appoint Devon Durant as Substitute Custodian of the vessel during the pendency of this action. Pursuant to said Motion, this Honorable Court signed an order appointing Devon Durant as Substitute Custodian.

10,

Devon Durant is the son of Robin B. Durant.

11.

Neither the motion nor the order appointing Devon Durant as Substitute Custodian of the vessel contains any information or reference to determine that Devon Durant has the facilities, knowledge or access to resources to be able to maintain and care for the vessel and its equipment during the pendency of this action. Nor is there any reference or requirement in the order appointing Devon Durant Substitute Custodian in which he accepts responsibility for the care and security of the vessel and its equipment. Also absent from such order is any reference or requirement that Devon Durant provide or maintain adequate insurance in place to respond for any loss or damage to the vessel or its equipment while in his care and custody during this proceeding. Finally there is no reference or acknowledgement as to whether Devon Durant claims any compensation for acting as Substitute Custodian, a position and/or job that he has never occupied in the past.

12.

Donald W. Durant, Jr. is an experienced mechanic and engineer and competent and experienced to be able to care for the vessel and its equipment while it is under

seizure in this proceeding. Donald Durant has, in fact, been providing services and labor in maintaining, repairing and caring for the M/Y Pendragon prior to seizure. Donald Durant is more qualified and competent to act as Substitute Custodian during these proceedings for the vessel.

13.

Consequently the order appointing Devon Durant Substitute Custodian should be rescinded immediately and Donald W. Durant, Jr. should be ordered to be Substitute Custodian until an expedited hearing can be provided pursuant to Rule E(4)(f) and thereafter to the extent necessary.

14.

Pursuant to due process and contained in Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims, any person claiming an interest in a seized vessel is entitled to a prompt hearing at which the plaintiff is required to show why the arrest should not be vacated or other relief granted consistent with the Supplemental Rules.

WHEREFORE, Donald W. Durant, Jr. as Claimant and managing owner and on behalf of the M/Y Pendragon hereby respectfully requests this Honorable Court set a prompt and expedited post-seizure hearing in this matter and enter an order requiring Bayou Fleet, Inc. to show cause why the arrest of the M/Y Pendragon should not be vacated, why the order appointing Devon Durant Substitute Custodian should not be vacated, or other relief granted consistent with the Supplemental Admiralty rules.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: _____
Philip A. Franco Bar No. 5819
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone: (504) 581-3234

Attorneys for Donald W. Durant, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Extension of Time has been served upon all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 21ST day of JAN, 2000.

_____
Philip A. Franco

- 5 -

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAYOU FLEET, INC. | * | CIVIL ACTION |
| | * | |
| versus | * | NO. 00-0086 |
| | * | |
| M/Y PENDRAGON, Official No. | * | SECTION "S" |
| 1060672, her engines, furniture, tackle, etc., | * | |
| in rem | * | MAG. NO. 1 |

*************************************

## ORDER

Considering the foregoing Emergency Motion For Release Of Vessel From Arrest And To Vacate Order Appointing Substitute Custodian Pursuant To Supplemental Admiralty Rule E(4)(f) filed by Donald W. Durant, Jr. in the above captioned matter;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Bayou Fleet, Inc. shall be required to show cause why the arrest of the M/Y Pendragon should not be vacated, why the order appointing Devon Durant Substitute Custodian should not be vacated, or why other relief sought by Donald W. Durant, Jr. should not be granted on the __3__ day of __February__ 2000 at __10__ o'clock a.m.

THIS DONE AND SIGNED in New Orleans, Louisiana, this __25__ day of __January__ 2000.

_____
UNITED STATES DISTRICT JUDGE