
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB 23 A 9 46

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAYOU FLEET, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0086 |
| M/Y PENDRAGON, OFFICIAL NUMBER 1060672, HER ENGINES, FURNITURE, TACKLE, ETC., IN REM | * | SECTION "L" |
| | * | MAG. 1 |

*   *   *   *   *   *   *   *   *

### ANSWER, VERIFIED CROSS-CLAIM IN REM AND ORDER DIRECTING THE ISSUANCE OF THE WARRANT OF ARREST AND/OR SUMMONS AND DIRECTING THE ISSUANCE OF NOTICE

NOW INTO COURT, through undersigned counsel, comes claimant, Robin B. Durant, who for answer to the plaintiff's complaint, with respect, represents that:

### FIRST DEFENSE

The complaint fails to state a right or a cause of action upon which relief can be granted.

### SECOND DEFENSE

AND NOW, without waiving the foregoing defense, claimant answers the allegations of the complaint categorically and by paragraph:

DATE OF ENTRY  FEB 28 2000

1.

The allegations of Paragraph No. 1 do not require an answer from the claimant, but in the event answer is required, it is admitted that the M/Y Pendragon's official number is 1060672.

2.

The allegations of Paragraph No. 2 do not require an answer from the claimant, but in the event answer is required, the underlying factual basis for this Court's subject matter is admitted.

3.

The allegations of Paragraph No. 3 are admitted.

4.

The allegations of Paragraph No. 4 are admitted.

5.

The allegations of Paragraph No. 5 are admitted.

6.

The allegations of Paragraph No. 6 are admitted.

7.

The allegations of Paragraph No. 7 are admitted, except to deny that the amount presently due and owing is $56,465.21, but rather it is $52,705.88.

8.

The allegations of Paragraph No. 8 do not require an answer from the claimant.

## VERIFIED IN REM CROSS-CLAIM

**AND NOW**, as plaintiff-in-cross-claim, Robin B. Durant, respectfully represents that:

I.

Made defendants-in-cross-claim are:

(a)  The M/Y Pendragon, official number 1060672, her engines, furniture, tackle, etc.; and,

(b)  Don Durant, a major resident of St. Tammany Parish, State of Louisiana. Don Durant has already appeared in these proceedings and filed a claim against the defendant vessel.

II.

Subject matter jurisdiction of this Honorable Court is invoked pursuant to 28 USC § 1333 and 46 USC § 31342(a), as this is a case of admiralty and maritime jurisdiction for a partition by licitation of the defendant vessel pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

III.

Robin B. Durant and Don Durant each own 50% of the defendant vessel.

IV.

Robin B. Durant and Don Durant no longer can agree on the management, operation and/or use of the defendant vessel.

V.

Robin B. Durant desires to have the defendant vessel partitioned by licitation.

VI.

The defendant vessel cannot be partitioned in kind.

VII.

Therefore, pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims, Robin B. Durant requests that the defendant vessel be arrested and judicially sold to effect a division of the net proceeds of the sale between the part owners, but only after all debts which in anyway pertain to the defendant vessel have been paid, including the debt to the plaintiff in the main demand, Bayou Fleet, Inc.

VIII.

The defendant vessel has already been arrested in this action and a substitute custodian has been appointed by the Court with the consent of all parties, including claimant and plaintiff-in-cross-claim herein, Robin B. Durant.

IX.

The plaintiff-in-cross-claim files contemporaneously herewith a Motion to Deposit $250.00 into the Registry of the Court in lieu of a Cost Bond, as provided for in Local Admiralty Rule 65.1.1.

**WHEREFORE**, in consideration of the premises, Robin B. Durant prays as follows:

A) That his answer be deemed good and sufficient;

B) That process in due form of law according to the course and practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/Y Pendragon, Official No. 1060672, her engines, furniture, tackle, etc.;

C) That Don Durant be duly cited and served with a copy of this cross-claim and be required to appear and answer same within the delays allowed by law;

D) That after all due proceedings have been had, that this Honorable Court render a decree against the M/Y Pendragon, Official No. 1060672, her engines, furniture, tackle, etc., ordering that it be judicially sold free and clear of all liens and encumbrances;

E) That the proceeds of that sale first be used to pay and satisfy in full the debts of the defendant vessel, including but not limited to, the debt in the amount of $52,705.88 to Bayou Fleet, Inc., and the custodia legis fees, expenses and costs in this action;

F) That if there are any proceeds of the sale remaining after all debts, custodia legis fees, expenses and costs in this action have been paid and satisfied in full, that those proceeds then be evenly split between the part owners, Robin B. Durant and Don Durant; and,

G) That this Honorable Court grant such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

**CHEHARDY, SHERMAN, ELLIS, BRESLIN & MURRAY**

_____
JULIAN R. MURRAY, JR. (7526)
One Galleria Boulevard
Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600

**ATTORNEY FOR ROBIN B. DURANT**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been served on all known counsel of record by depositing the same in the United States mail, postage prepaid and properly addressed, on this 23rd day of February, 2000.

_____
JULIAN R. MURRAY, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAYOU FLEET, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0086 |
| M/Y PENDRAGON, OFFICIAL NUMBER 1060672, HER ENGINES, FURNITURE, | * | SECTION "L" |
| TACKLE, ETC., IN REM | * | MAG. 1 |

\*   \*   \*   \*   \*   \*   \*   \*   \*

### VERIFICATION OF ROBIN B. DURANT

I hereby verify that the allegations contained in the foregoing In Rem Cross-Claim are true and correct to the best of my knowledge, information and belief.

_____
Robin B. Durant

Sworn to and subscribed before me,

Notary Public, on this _____ day

of _____, 2000.

_____
Notary Public

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BAYOU FLEET, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0086 |
| M/Y PENDRAGON, OFFICIAL NUMBER 1060672, HER ENGINES, FURNITURE, TACKLE, ETC., IN REM | * * | SECTION "L" MAG. 1 |

* * * * * * * * *

### ORDER DIRECTING THE ISSUANCE OF THE WARRANT OF ARREST AND/OR SUMMONS AND DIRECTING THE ISSUANCE OF NOTICE

Pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims, and upon review of the Verified *In Rem* Cross-Claim, it having appeared that the conditions for an action *in rem* exist:

~~IT IS HEREBY ORDERED that the Clerk of Court is directed to issue a warrant of arrest and/or summons in the above-styled action.~~

**IT IS FURTHER ORDERED** that plaintiff-in-cross-claim shall give notice to the adverse party or parties in the manner provided by Rule B(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

New Orleans, Louisiana, this 23rd day of FEBRUARY, 2000.

_____
UNITED STATES DISTRICT COURT JUDGE